O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| LOUIS BARRON, | ) | Case No. EDCV 10-1075-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    Plaintiff Louis Barron seeks judicial review of the Commissioner's
denial of his application for Supplemental Security Income ("SSI")
benefits under the Social Security Act. For the reasons discussed below,
the decision of the Commissioner is REVERSED and the matter REMANDED for
further proceedings consistent with this opinion.

**I. Factual and Procedural History**

    Plaintiff was born on April 4, 1968 and was 41 years old at the
time of the administrative hearing. (Administrative Record ("AR") 9,

116.) He has a tenth grade education with no other specialized trade or vocational training. (AR 125.) Plaintiff has past work experience as a hand packager. (AR 15, 147.)

Plaintiff filed an application for SSI benefits on February 13, 2008, alleging that he had been disabled since January 1, 2008, due to back and knee pain, degenerative spondylosis and major depressive disorder. (AR 45-46.) Plaintiff's application was denied initially on May 9, 2008 (AR 48-51), and upon reconsideration on July 7, 2008 (AR 55-57.) An administrative hearing was held on June 23, 2009 (AR 18-26) and again on August 4, 2009 before Administrative Law Judge ("ALJ") Joseph D. Schloss (AR 27-44). Plaintiff, represented by counsel, testified, as did a Vocational Expert ("VE").

On October 14, 2009, ALJ Schloss denied Plaintiff's application for benefits. (AR 9-16.) The ALJ found that Plaintiff had not engaged in substantial gainful activity during the time period at issue. (AR 11.) The ALJ further found that the medical evidence established that Plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine, obesity and old head injury. (Id.) The ALJ found that Plaintiff's impairments did not meet, or were not medically equal to, one of the impairments listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Id.) The ALJ concluded that Plaintiff retained the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 416.967(b). Specifically, he is capable of lifting and/or carrying 20 pounds occasionally and 10 pounds frequently; standing and/or walking 2 hours in an 8-hour workday; sitting 6 hours in an 8-hour workday; pushing and pulling with lower extremities occasionally; and occasionally performing postural activities such as climbing, balancing and squatting. He cannot climb ladders, ropes, or

scaffolds. He is capable of performing simple repetitive tasks." (AR 12.) The ALJ found that Plaintiff was unable to perform his past relevant work as a hand packager. (AR 15.) However, the ALJ found, based on the VE's testimony, that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, such as electronics worker, garment sorter, small items assembly and product inspector. (AR 16.)  Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (Id.)

On June 30, 2010, the Appeals Council denied review (AR 1-3), and Plaintiff timely commenced this action for judicial review. On January 20, 2011, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues. Plaintiff contends that the ALJ erred by failing to properly consider the opinion of the consulting internal medicine examiner. (Joint Stip. 2.) Plaintiff requests that the Court reverse and remand for an award of benefits, or in the alternative, reverse and remand for a new administrative hearing. (Joint Stip. 8-9.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stip. 9.)

After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's contention regarding the ALJ's error in failing to properly consider the opinion of the examining physician to be meritorious and remands this matter for further proceedings consistent with this opinion.

## II.  Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Social Security Commissioner's decision to deny benefits. The Court must uphold the Social Security Administration's disability determination unless it

is not supported by substantial evidence or is based on legal error. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)(citing *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that "a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute [its] judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Discussion**

Plaintiff contends that the ALJ improperly disregarded the report of Dr. Sharam Pourrabbani, an examining internal medicine physician. (Joint Stip. 3.) More specifically, Plaintiff claims that the ALJ erred by adopting the opinion of a non-examining state agency physician without providing any reasons for implicitly rejecting the examining physician's report. (Id.) The Court agrees.

After examining Plaintiff on January 17, 2007, Dr. Pourrabbani found that Plaintiff had various functional limitations: (1) a limitation in fine and gross manipulation of the left hand due to an abnormality of the thumb and (2) Plaintiff could only "rarely" perform certain postural activities, such as kneeling, bending, stooping or

4

climbing. (AR 227.) The opinion of the state agency reviewing physician, Dr. Yvonne Post, D.O., differed because it did not include the handling limitations found by Dr. Pourrabbani. (AR 302.) Dr. Post's report also differed by concluding that Plaintiff could perform postural activities frequently, rather than rarely. (Id.)

The Commissioner is directed to weigh medical opinions based in part on their source, specifically, whether proffered by treating, examining, or non-examining professionals. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). Generally, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional. *See id.; Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). The Commissioner must also consider whether a medical opinion is supported by clinical findings and is contradicted by other medical evidence of record. The Commissioner may reject the uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record. *See Lester*, 81 F.3d at 831.

Although the ALJ discussed Dr. Pourrabbani's opinion, he did not state what weight he was giving the opinion. (AR 13.) Instead, the ALJ merely stated that he was adopting the opinion of the reviewing physician. (AR 14.) The ALJ failed to give any specific reasons for relying upon the state agency reviewing physician's report rather than that of the examining physician, Dr. Pourrabbani, but merely stated that the reviewing physician's report was "well-supported" by the medical evidence. (AR 14.) This is insufficient to satisfy the ALJ's duty to provide specific reasons for adopting or rejecting various medical opinions. *See Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) ("To

5

say that the medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required ....”); *see also McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ errs in providing “broad and vague” reasons for rejecting a treating physician’s opinion).

Nor can the Court say with confidence that this error was harmless. *See Stout v. Commissioner*, 454 F.3d 1050, 1052 (9th Cir. 2006) (error is not harmless unless the court “can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination”). Here, the ALJ based his conclusion that Plaintiff could perform a significant number of jobs in the economy, including electronics worker (DOT 726.687-010), garment sorter (DOT 222.687-014), small items assembly (DOT 739.687-086), and product inspector (DOT 734.687-042), on the testimony of the VE. (AR 16, 42-43.) However, neither the handling nor postural limitations found by Dr. Pourrabbani were included in the hypothetical to the VE. (AR 42.) Dr. Pourrabbani’s limitation in the use of Plaintiff’s left hand for fine and gross manipulation is inconsistent with each of the jobs identified by the VE because each requires frequent to constant handling.

The Commissioner contends that the ALJ properly relied upon the opinion of the state agency physician, rather than that of the examining physician, because the state agency physician reviewed certain medical records that were more recent than Dr. Pourrabbani’s January 2007 examination of Plaintiff. (Joint Stip. 6.) However, the ALJ did not specifically state this as a reason for adopting the state agency reviewing physician’s opinion over that of the examining physician. The

Court may review "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). In addition, the Commissioner argues that the ALJ properly resolved any possible conflicts between the opinions of Dr. Pourrabbani and the state agency physician. (Joint Stip. 5.) However, contrary to the Commissioner's contention, the ALJ never specifically stated that he was resolving any conflicts between the two medical opinions. Rather, the ALJ merely noted that he was relying upon the state agency physician's opinion and never addressed the weight he was giving to Dr. Pourrabbani's report. (AR 14.) Again, the Court can only review the reasons specifically provided by the ALJ, not the post hoc justifications posited by the Commissioner.

**IV. Conclusion**

For the reasons discussed above, the decision of the Social Security Commissioner is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

DATED: January 26, 2011

_____
MARC L. GOLDMAN
United States Magistrate Judge

7